UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ALEX DARIO M.Q., <br><br> Petitioner, <br><br> v. <br><br> BRYAN PATTERSON, Warden of Pine Prairie Correctional Facility; Todd LYONS, in his capacity as Acting Director, Immigration and Customs Enforcement; KRISTI NOEM, Secretary, U.S. Department of Homeland Security; PAMELA BONDI, U.S. Attorney General; Executive Office for Immigration Review; DAVID EASTERWOOD, Field Office Director of St. Paul Field Office for U.S. Department of Homeland Security, United States Immigration and Customs Enforcement, Enforcement and Removal Operations <br><br> Respondents. | Case No. 26-CV-976 (NEB/JFD) <br><br><br> ORDER ON <br> PETITION FOR <br> WRIT OF HABEAS CORPUS |

This matter is before the Court on Petitioner Alex M.Q.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Alex M.Q. is a citizen of Ecuador who has resided in the United States since 2022. (*Id.* ¶ 17.) He is married and has one three-year-old child. (*Id.* ¶ 49.) He is currently in removal proceedings and is pursuing relief under asylum, withholding of removal, and the Convention Against Torture. (*Id.* ¶ 47.) Alex M.Q. has no criminal history. (*Id.* ¶ 48.)

ICE detained Alex M.Q. on December 12, 2025. (*Id.* ¶ 17.) He is detained at the Pine Prairie Correctional Facility in Louisiana. (*Id.*) Alex M.Q. filed his Petition on February 2. In their response to the Petition, Respondents ask the Court to dismiss the Petition for improper venue or transfer it to the United States District Court for the Western District of Louisiana. (ECF No. 5.)

Generally, habeas petitions seeking to challenge present physical custody should be filed in the district of confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35, 443–44 (2004). An exception exists if "there is an indication that the Government's purpose in removing a prisoner were to make it difficult for his lawyer to know where the habeas petition should be filed" or "the Government was not forthcoming with respect to the identity of the custodian and the place of detention." *Id.* at 454 (Kennedy J., concurring, joined by O'Connor, J.).

Alex M.Q. is detained in Louisiana, and the exception to the district of confinement rule does not apply. Unlike other cases that apply this exception, *see, e.g.*, *Aleksander B. v. Trump*, No. 26-CV-170 (KMM/DJF) (Jan. 22, 2026), ECF No. 18 at 5–6 (applying this exception and collecting similar cases), the Petition makes clear that Petitioner's counsel knew that Alex M.Q. was in Louisiana at the time of filing.

Further, Petitioner did not respond to Respondents' request to transfer the case for lack of jurisdiction. Alex M.Q. thus does not make any argument that the exception

2

applies in this case, nor does Alex M.Q. point to evidence, or even request discovery, regarding Respondents' purpose in transferring Alex M.Q. The Court thus grants Respondents' motion and transfers the case to the Western District of Louisiana.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Clerk of Court is directed to transfer this case to the United States District Court for the Western District of Louisiana.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 10, 2026  
Time: 10:35 p.m.

BY THE COURT:  
s/Nancy E. Brasel  
Nancy E. Brasel  
United States District Judge